IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| **ANGELO BROCK,**  *Plaintiff-Appellee*,  v.  **FLOWERS FOODS, INC.; FLOWERS BAKERIES, LLC; FLOWERS BAKING CO. OF DENVER, LLC,**  *Defendants-Appellants.* | CASE NO: 23-1182 |

**DEFENDANTS-APPELLANTS MOTION TO ABATE APPEAL**

Defendants-Appellants Flowers Foods, Inc.; Flowers Bakeries, LLC; and Flowers Baking Co. of Denver, LLC (collectively, "Flowers") hereby respectfully move this Court to hold this appeal in abeyance pending the U.S. Supreme Court's decision in *Bissonnette v. LePage Bakeries Park St., LLC*, U.S. Dkt. No. 23-51 (U.S. cert granted Sep. 29, 2023). In support of this Motion, Flowers states:

1. This appeal is about the enforceability of an Arbitration Agreement between Plaintiff and Defendant-Appellant Flowers Baking Co. of Denver, LLC. Opening Br. 3.

2. One of two potentially dispositive questions in this appeal is whether FAA's § 1 exemption—which applies to "contracts of employment of seamen,

railroad employees, or any other class of workers engaged in foreign or interstate commerce," 9 U.S.C. § 1—applies to the Arbitration Agreement. *See id.* at 2, 21–39. Flowers has argued that § 1 does not apply, including because that provision applies only to "workers involved in the transportation industry." Opening Br. 30 (quoting *Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655, 660 (2d Cir. 2022)). In so doing, Flowers has relied on the Second Circuit's holding in *Bissonnette*, a case that involves **substantively identical arbitration agreements** between Flowers Independent Distributors and a Flowers subsidiary. *See id.* at 30–35. Plaintiff has argued that § 1 is *not* limited to "transportation industry" workers. Ans. Br. 28–29 (disputing "Flowers['] assert[ion] that one must work in the transportation industry to qualify under the Section 1 exemption"). In so doing, Plaintiff has maintained that the Second Circuit's holding in *Bissonnette* was wrong. *See id.*

3.  The U.S. Supreme Court recently granted certiorari to review the Second Circuit's decision in *Bissonnette* and definitively decide whether workers must "be employed by a company in the transportation industry" to fall under § 1. *Bissonnette*, Pet. at i, U.S. Dkt. No. 23-51. The Supreme Court's resolution of that question—in a case involving substantively identical agreements and overlapping Defendants—will be binding on this Court. And an affirmance of the Second Circuit's holding that § 1 applies only to "workers involved in the transportation

industry," *Bissonnette*, 49 F.4th at 660, would be dispositive of this appeal.

    4.    Considerations of judicial efficiency and respect for the Supreme Court's authority thus favor holding this appeal in abeyance pending the Supreme Court's decision in *Bissonnette*. As part of abating the appeal, this Court should postpone oral argument in this case, which it has scheduled for January 17, 2024, until after the Supreme Court decides *Bissonnette*. We expect that the Supreme Court's decision will issue before the end of June 2024, so any delay in the resolution of this appeal will be minimal. And if any disputed issues remain in this appeal post-*Bissonnette*, the parties can file supplemental briefing and this Court can then schedule oral argument (if still warranted). By contrast, proceeding with this appeal while *Bissonnette* is pending before the Supreme Court risks inconsistent rulings and wasted judicial and party resources. For that very reason, another court has recently granted Flowers' request for a stay in another case concerning an attempt by Flowers to enforce an Arbitration Agreement against owners of Flowers Independent Distributors. *See* Order, ECF Nos. 41, 44, *Canales v. CK Sales Co., LLC*, No. 1:21-cv-40065 (D. Mass. Oct. 31, 2023).

    5.    Plaintiff's counsel has declined to consent to the relief requested in this motion.

Dated: November 7, 2023

Jared Lee Palmer
OGLETREE DEAKINS
One Embarcadero Center, Suite 900
San Francisco, CA 94111
(415) 442-4810

David Lee Zwisler
OGLETREE DEAKINS
2000 South Colorado Blvd.
Tower 3, Suite 900
Denver, CO 80222
(303) 764-6800

Respectfully Submitted,

*/s/ Traci L. Lovitt*
Traci L. Lovitt
Matthew W. Lampe
Jack L. Millman
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-7830
tlovitt@jonesday.com

Amanda K. Rice
JONES DAY
150 W. Jefferson Ave.,
Suite 2100
Detroit, MI 48226

*Counsel for Defendants-Appellants*

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing Motion: (1) all required privacy redactions have been made per 10th Cir. R. 25.5; (2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents; (3) the digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, Internxt Virus Scanner, and according to the program is free of viruses.

Dated: November 7, 2023                Respectfully submitted,

                                       */s/ Traci L. Lovitt*
                                       Traci L. Lovitt

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2023, I electronically filed the original of the foregoing Motion with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

Dated: November 7, 2023          Respectfully submitted,

*/s/ Traci L. Lovitt*
Traci L. Lovitt